UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21022-BLOOM/Otazo-Reyes

HNA LH OD, LLC,

    Plaintiff,

v.

LOCAL HOUSE INTERNATIONAL, INC.,
LH 350 OCEAN MANAGER, LLC, and
BRYAN DUNN,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO FILE SUR-REPLY

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Dismiss, ECF No. [37] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff argues that it should be permitted to file a sur-reply because Defendants' Reply to the Motion to Dismiss, ECF No. [33], raises arguments not previously presented in the Motion to Dismiss, ECF No. [24]. Plaintiff also attaches the sur-reply it seeks to file. ECF No. [37-1].

Sur-replies will generally only be permitted in exceptional circumstances. *See, e.g.*, *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). "A district court's decision to permit the filing of a sur-reply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008). "To allow such sur-replies as a regular practice would put the

court in the position of refereeing an endless volley of briefs." *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Likewise, Local Rule 7.1(c) provides that a party must obtain leave of court to file a sur-reply. S.D. Fla. L.R. 7.1(c). Further, Local Rule 7.1(a)(1) requires that every motion, other than those specifically excepted under the Rule, "shall incorporate a memorandum of law citing supporting authorities." S.D. Fla. L.R. 7.1(a)(1).

As an initial matter, the Court notes that the instant Motion fails to include any legal authority in support of the request to file a sur-reply. Absent some "valid reason" or "exceptional circumstance" to justify additional briefing, the Court will not exercise its discretion in permitting Plaintiff to file a sur-reply. *See First Specialty Ins. Corp.*, 300 F. App'x at 788; *Fedrick*, 366 F. Supp. 2d at 1197.

Additionally, on the merits, the Court finds that a sur-reply is unnecessary under these circumstances. The proposed sur-reply primarily restates the proposition that arguments not raised in an initial motion may not later be raised on reply. The Court is capable of ascertaining the proper legal standards applicable to this case without further briefing from the parties. Further, Plaintiff has also submitted a Notice of Supplemental Authority, ECF No. [36], which attaches materials relating to a motion to dismiss in a separate but related state court proceeding, including a hearing transcript, an order from the state court denying a motion to dismiss for improper venue, and Plaintiff's brief in opposition to the motion to dismiss in that underlying state court proceeding. These materials, in essence, are yet another attempt at submitting further briefing beyond that which was submitted for the Motion to Dismiss in this case, ECF No. [24], despite the fact that the Court allowed the parties to file excess pages in support of their respective positions. <u>No further briefing is permitted or required from either party at this stage</u>.

Case No. 21-cv-21022-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [37]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 11, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record