UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21022-BLOOM/Otazo-Reyes

HNA LH OD, LLC,

    Plaintiff,

v.

LOCAL HOUSE INTERNATIONAL, INC.,
LH 350 OCEAN MANAGER, LLC, and
BRYAN DUNN,

    Defendants.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Local House International, Inc., LH 350 Ocean Manager, LLC, and Bryan Dunn's (collectively, "Defendants") Motion to Stay Discovery Pending Ruling on their Motion to Dismiss, ECF No. [34] ("Motion").[1] Plaintiff HNA LH OD, LLC ("Plaintiff") filed a Response in Opposition, ECF No. [39] ("Response"), to which Defendants replied, ECF No. [40] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

---

[1] Defendants' Motion to Dismiss and Strike Plaintiff's Complaint with Prejudice, ECF No. [24] ("Motion to Dismiss"), became ripe for this Court's consideration on June 2, 2021. *See* ECF Nos. [24], [29], & [33].

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. However, "a motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014).

Here, Defendants argue that a stay of discovery is appropriate in this case because their pending Motion to Dismiss, which seeks dismissal based on improper venue, *forum non conveniens*, and failure to state a claim, will be dispositive. Defendants' argument relies in part upon the opinion of the Court of Appeals for the Eleventh Circuit *Chudasama v. Mazda Motor Corp.*, which held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). Defendants argue that the Motion to Dismiss is case dispositive, and they maintain that a stay is warranted in order to avoid needlessly expending significant resources engaging in discovery in this case that is duplicative of the discovery in a related case pending in New York state court, No. 655719/2020.

Defendants' reliance on *Chudasama* is misplaced. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a dispositive motion. *See Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *see also Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone*, 2008 WL 2906719, at *1 ("[C]ourts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *see also Ray*, 2012 WL 5471793, at *3 (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem—unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed"). Unlike the exceptional circumstances presented in *Chudasama*, where the district court did not rule on a motion to dismiss for over a year and a half, here, Defendants' Motion to Dismiss has only been ripe since June.

Further, upon a substantive review of the Motion to Dismiss, the Court is unpersuaded that Defendants' Motion to Dismiss is so "clearly meritorious and truly case dispositive" that a stay of discovery would be justified. *Feldman*, 176 F.R.D. at 652-53. First, with regard to the arguments on improper venue and *forum non conveniens*, the Court notes that this case is distinguishable from the cases cited by Defendants involving "case dispositive" motions that were based in part upon improper venue. *See* ECF No. [34] at 5-6; ECF No. [40] at 5-7. In particular, the cases cited

by Defendants on whether an issue is "truly case dispositive" all involved motions on additional threshold issues of standing and/or jurisdiction that would, if granted, dispose of the *entire* case. *See, e.g.*, *Taylor v. Serv. Corp. Int'l*, No. 20-cv-60709, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16, 2020) (involving issues of standing and jurisdiction); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-CIV, 2017 WL 6411099, at *3 (S.D. Fla. Dec. 14, 2017) (involving issues of standing and subject-matter jurisdiction); *Gillier v. Servicios Agecom, LLC*, No. 17-23155-CIV, 2017 WL 6994217, at *2 (S.D. Fla. Nov. 27, 2017) (involving a jurisdictional issue); *TextileUSA, Inc. v. Diageo N. Am., Inc.*, No. 15-24309-CIV, 2016 WL 11317301, at *2 (S.D. Fla. June 8, 2016) (involving a jurisdictional issue); *Dayem on behalf of Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (involving issues of standing and subject-matter jurisdiction); *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (involving a standing issue); *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]"). As no questions of jurisdiction or standing are raised in this case, the Court finds these cases to be distinguishable.

Second, the Court finds no reason to depart from its prior holding in *MindbaseHQ LLC v. Google LLC* that the resolution of a motion to transfer venue would not be case dispositive or avoid the need to engage in discovery. *See MindbaseHQ LLC v. Google LLC*, No. 20-cv-24742, 2021 WL 680887, at *2 (S.D. Fla. Feb. 22, 2021) ("[W]ith regard to the Motion to Transfer, the Court concludes that, regardless of its ultimate ruling, this motion will not dispose of the entire case or avoid the need to engage in significant and expensive discovery. Rather, any discovery efforts conducted in this case will be equally necessary if the case is ultimately transferred."); *see also*

*Renuen Corp. v. Lameira*, No. 6:14-cv-1754-Orl-41T, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) ("The Court fails to see why transfer of the case will have any meaningful effect on the litigation. While any new court will presumably enter its own scheduling order, transfer certainly will not simplify the issues or reduce the amount of discovery required to present the parties' claims and defenses."); *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *2 (S.D. Fla. Nov. 15, 2019) (denying motion to stay where granting the motion to dismiss would result in the case being remanded back to state court and thus would not avoid "needless and extensive discovery"). Indeed, although Defendants attempt to distinguish the holding in *MindbaseHQ LLC* on the fact that, in that case, there was no pending litigation in the transferee venue, the Court sees no basis to draw such a distinction. As explained in the Motion, Defendants have agreed to produce pertinent discovery on intellectual property issues in the New York case, and they agree that this discovery is directly relevant to the claims raised in this action. Thus, even if the Court transfers this action to New York, the discovery at issue will nonetheless be produced. As such, the need for a stay of discovery that Defendants request in this case is unpersuasive. *See Feldman*, 176 F.R.D. at 653 ("Both parties recognize that many of the issues which will be the subject of discovery will be litigated eventually, if not in this Court, in the Delaware proceedings. Thus the main reason for staying discovery—the elimination of unnecessary expenditures of time, money and other resources—is less compelling here.").

Similarly, although the Court cannot determine the viability of the Motion to Dismiss at this juncture, it notes that Defendants also seek dismissal based in part on the sufficiency of the allegations in the Complaint. As such, and should the Motion to Dismiss be granted based on the failure to plead certain claims with specificity, Plaintiff may be granted leave to amend. Thus, Defendants have failed to demonstrate that the resolution of the Motion to Dismiss will be truly

case dispositive here. *See Datto v. Fla. Int'l Univ. Bd. of Trs.*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *see also Renuen Corp.*, 2015 WL 1138462, at *2 ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2-3 (M.D. Fla. Oct. 1, 2014) (stay of discovery not warranted when it is unclear whether motion to dismiss will dispose of the entire case); *Bocciolone*, 2008 WL 2906719, at *2 ("[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case.").

Likewise, the Court is unpersuaded by Defendants' contention that their participation in discovery will be unduly burdensome or prejudicial because it will require them to engage in discovery that is duplicative to the discovery in the New York case. Indeed, the parties can easily mitigate any duplicative efforts across the two cases by conferring and entering into a stipulation that certain relevant discovery be used in both pending cases. *See Feldman*, 176 F.R.D. at 653 n.3 ("The unnecessary expenditure of time and money inherent in duplicative discovery could be substantially reduced if the parties can stipulate to consider discovery taken in this action as also binding in the Delaware proceedings.").

In sum, the Court concludes that a stay of discovery is not warranted. Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

The Court will address Defendants' Motion to Dismiss in due course but, for now, discovery may proceed.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [34]**, is **DENIED**. The parties shall proceed with discovery pending the resolution of Defendants' Motion to Dismiss, and all dates and deadlines shall remain the same.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 1, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record